**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6908**

TIMOTHY HOWARD WALDEN,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

Respondent - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:04-cr-00039-FDW-5; 3:12-cv-00421-FDW)

Submitted: May 30, 2017                    Decided: June 7, 2017

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Timothy Howard Walden, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Howard Walden seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Walden has not made the requisite showing.* Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal

---

* To the extent Walden sought to raise his claim under 28 U.S.C. § 2241 (2012), by way of the savings clause in 28 U.S.C. § 2255(e), his claim is not cognizable because the change in law he seeks to assert did not occur "'subsequent to [his] direct appeal and first § 2255 motion.'" *Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014) (quoting *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000)).

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*